Sewall, C. J.
If the case admitted of any doubt, we should be
disposed to defer the decision. The same case, in every essential circumstance, was decided when the new trial was granted at the motion of the plaintiffs. It would answer no purpose to open the cause again, now that the plaintiffs have recovered a verdict for their demand against Blake, the surviving partner of Dix & Blake, unless our former decision was incorrect.
* In that decision, the Court, proceeding upon the ad- [ * 22 ] mitted fact of a debt due from Blake &/■ Dix, as partners of a demand established against them in that relation, refused to consider the dealings of the plaintiffs with A. Dix separately and alone, respecting deposits and securities produced by him on his own separate account, as a payment or discharge of the demands against the partners. It is now urged that if it was not a discharge, if none was given expressly or impliedly by the plaintiffs, yet that their conduct was so negligent and so injurious to the partner of A. Dix, as to afford him a sufficient answer to this demand.
The transactions and negligence complained of may be briefly stated thus, as applicable to the question whether the direction to the jury at the last trial was incorrect.
After a secret dissolution of the copartnership of Blake &/■ Dix, before it was advertised or known, the plaintiffs received of A. Dix a quantity of goods, which he had imported for his private and separate account. Subsequent to this deposit, the demand against Blake Dix was balanced in the plaintiffs’ books, by transferring the amount to the separate account of A. Dix. But it does not appear that this was done at the request of either of the debtors, or that .either of them had any knowledge of the fact. A. Dix after-wards resumed a part of this deposit, and gave other securities, to the satisfaction of the plaintiffs, as collateral security. And, finally, after the balance, for which Blake Dix had credit by A. Dix in the statement of the account, had been reduced by the payments of A. Dix, what remained unpaid was treated again by the plaintiffs as a demand remaining against the partners, Blake 8f Dix.
The jury have negatived, under the direction of the judge at the trial, that the deposit of goods or securities, made and transferred by A. Dix, was intended or accepted as a payment or discharge. It is plain that he had no such intention; and the mere transfer of a leger account certainly is no agreement to that effect, especially if made without any request, or any particular consideration, or even * notice, as the transfer of a memoran- [ * 23 ] *28 dum at the convenience and will of the party keeping it for himself.
Was the separate dealing with A. Dix prejudicial to the other partner, Blake 1 Quite otherwise. For the separate effects of the former were so applied as materially to reduce the balance against the firm. But the complaint is, that this was not cancelled, as it ought to have been, by a determination on the part of the plaintiffs to retain every thing which came into their hands from A. Dix, in whatever manner deposited; that it was their duty to do this after the transfer made in their books; and therefore that the defendant was injured, because the disposition discovered by the plaintiffs' to this purpose was not persisted in.
The plaintiffs doubtless had the right to retain, as against a partner, his effects or moneys coming into their hands, and apply them to the payment of a partnership debt, where each was liable in solidum. But this is not done, I believe, where a firm is not discredited. In receiving Inghams’ goods, no contract, amounting to a discharge, or to the acceptance of a pledge for the security and benefit of the defendant, had been given by the plaintiffs. A. Dix then represented the firm, as the partner authorized.to adjust the concerns of Blake &/■ Dix. Blake was himself secured, or supposed himself secured, by the indemnity and credit given by E. Dix. The confidence placed in A. Dix by the parties, now affected by his withdrawing what remained of that deposit, was sufficient, if any thing was wanting, to justify the plaintiffs in relinquishing a security, which they had indeed the power of retaining, but scarcely the right, against A. Dix, after his own separate balance was paid up. Thus to insist upon applying to one purpose goods explicitly received for another purpose, stated by the party making the deposit, and assented to by him who received it, would hardly be decent, whatever might be the right, unless when the party was discredited. But whatever was the right in the present case, there was no understanding of the plaintiffs to this effect. [ * 24 ] * It is not like the case cited and relied on for the defendant in the argument. (1) There a bill of exchange, accepted as payment of an account, which was admitted as a demand against the partners, the party sued being a dormant partner never known in the firm, was renewed by another acceptance in the name of the other partner, after information to the payee that the partnership had been dissolved. This was considered as payment of the account; and the last bill, given for the renewal of the former, was recoverable against the party to it, and not against the former partner.
*29 In the case at bar, there is no acceptance of the credit of one partner, unless the transfer in the leger of a stated account is to be so considered. No actual renewal or alteration of the demand, after the partnership was known to be dissolved, has been proved in this case, no acceptance of any new form of contract. If a suit had been required upon the account against the partners in the lifetime of A. Dix, it must have been brought against them jointly; neither was liable alone. Nor is there any loss sustained by the defendant, or even a disappointment; since it does not appear that he had information of the transfer in the books of the plaintiffs, or of the nature of their expectations from A. Dix. After notice of the dissolution of the partnership, they were willing to be paid by him, with whom the concerns of the company were left; but this did not imply an acceptance of his credit alone, in discharge of the partnership debt.

Judgment on the verdict

 4 Esp. Rep. 89, Evans vs Drummond.